THEODORE K. GORD AND ELIZABETH V. GORD, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2246-84.      Filed July 26, 1989.

*Christopher R. Boutelle,* for the petitioners.
*Thomas N. Tomashek,* for the respondent.

### OPINION

COHEN, *Judge:* Respondent determined a deficiency of $94,372 in petitioners' Federal income taxes for 1979. The sole issue remaining for decision is whether petitioners' income tax should be computed by applying the maximum tax on earned income under section 1348 to the net profits from the smoke shop operated by petitioners on Indian trust property. All section references are to the Internal Revenue Code as in effect for 1979, unless otherwise noted.

### Procedural Matters

Petitioners resided in Tacoma, Washington, at the time the petition was filed. They filed a joint Federal income tax return for 1979.

The case was called for trial in May 1986 and submitted fully stipulated. The parties agreed to be bound by the opinion of the Court of Appeals for the Ninth Circuit in a case then pending with respect to petitioners' tax liabilities for 1977 and 1978, decided adversely to petitioners in *Gord v. Commissioner,* T.C. Memo. 1984-517. On June 19, 1986, the Court of Appeals affirmed our decision sub nom. *Dillon v. United States,* 792 F.2d 849 (9th Cir. 1986).

The parties also stipulated:

Petitioners accept the determination of tax contained in the deficiency notice as mathematically correct, except they contend that the tax should be computed by applying the maximum tax on earned income under I.R.C. sec. 1348 to the net profits from the smokeshop, which would result in a deficiency for 1979 of $85,949, rather than $94,372, as set forth in the deficiency notice. Respondent does not agree that this issue has been raised properly or in a timely manner.

Briefs were filed addressing the applicability of section 1348 to petitioners' smoke shop income. On June 6, 1986, petitioners filed a petition in bankruptcy with the United States Bankruptcy Court for the Western District of Washington. The bankruptcy was brought to the attention of this Court by Notice of Proceeding in Bankruptcy filed by respondent on October 23, 1986, after the briefs were filed. These proceedings were thereafter stayed under 11 U.S.C. sec. 362(a)(8) until June 22, 1989, at which time the Bankruptcy Court ordered the stay modified to permit prosecution of this case.

The stipulated facts are incorporated as our findings by this reference. The burden of proof is on petitioners. Rules 122(b) and 142(a), Tax Court Rules of Practice and Procedure.

### Operative Facts

Petitioners derived income from the operation of a retail business on Indian trust property. The business sold tobacco products, which petitioners claim were at that time exempt from State taxation and upon which petitioners did not collect State taxes. The claimed exemption was based upon petitioner Elizabeth V. Gord's status as an enrolled member of the Puyallup Indian Tribe and the operation of the business on trust property.

Petitioners' gross sales and net profits from their smoke shop in 1979, as determined by respondent, were $2,328,223 and $161,575, respectively. Petitioners' purchases of cigarette and tobacco inventory during 1979 totaled $2,192,636.61.

### The Maximum Tax Law

Section 1348, as in effect for 1979, provided taxpayers with limited relief from the then prevailing marginal income tax rates, which ranged as high as 70 percent. That section provided that "personal service income" was to be taxed at marginal rates no higher than 50 percent. For purposes of section 1348, "personal service income" was defined to include any income that was earned income within the meaning of section 401(c)(2)(C) or section 911(b). Section 401(c)(2)(C) provided:

(C) INCOME FROM DISPOSITION OF CERTAIN PROPERTY.—For purposes of this section, the term "earned income" includes gains (other than any gain which is treated under any provision of this chapter as gain from the sale or exchange of a capital asset) and net earnings derived from the sale or other disposition of, the transfer of any interest in, or the licensing of the use of property (other than good will) by an individual whose personal efforts created such property.

Section 911(b) provided:

SEC. 911(b). DEFINITION OF EARNED INCOME.—For purposes of this section, the term "earned income" means wages, salaries, or professional fees, and other amounts received as compensation for personal services actually rendered, * * * In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income-producing factors, under regulations prescribed by the Secretary, a reasonable allowance as compensation for the personal services rendered by the taxpayer, not in excess of 30 percent of his share of the net profits of such trade or business, shall be considered as earned income.

For taxable years beginning after 1978, section 1348(b)(1) was amended to eliminate the 30-percent limitation on earned income derived from a trade or business in which capital was material. Revenue Act of 1978, Pub. L. 95-600, sec. 442(a), 92 Stat. 2878. Section 1348 has been repealed for taxable years beginning after 1981. Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 101(c)(1), 95 Stat. 183.

Section 1.1348-3(a)(3)(ii), Income Tax Regs., provided:

(3) Earned income from business in which capital is material. * * *

(ii) Whether capital is a material income-producing factor must be determined by reference to all the facts of each case. Capital is a material income-producing factor if a substantial portion of the gross income of the business is attributable to the employment of capital in the business, as reflected, for example, by a substantial investment in inventories, plant, machinery, or other equipment. In general, capital is not a material income-producing factor where gross income of the business consists principally of fees, commissions, or other compensation for personal services performed by an individual. Thus, the practice of his profession by a doctor, dentist, lawyer, architect, or accountant will not, as such, be treated as a trade or business in which capital is a material income-producing factor even though the practitioner may have a substantial capital investment in professional equipment or in the physical plant constituting the office from which he conducts his practice since his capital investment is regarded as only incidental to his professional practice.

## Discussion

Petitioners contend that the income earned by Mrs. Gord's operation of a smoke shop business meets the requirements of both section 401(c)(2)(C) and section 911(b). They argue: Because of Mrs. Gord's unique status as a member of the Puyallup Indian Tribe, she was licensed by the Tribe to sell tobacco products from her place of business. Because the business was on trust property, Federal law conferred upon her an exemption from sales and cigarette taxes imposed on non-Indians by the State of Washington. Because she did not have to charge sales tax, she was able to sell tobacco products at a much lower price than any other retail store; her earned income consisted of the tax savings that she would otherwise have paid to the State of Washington; and her income for 1979 is directly related to the tax exempt status of her business, which she obtained through her personal efforts and which she could not transfer. Petitioners therefore conclude that this exemption, personal to Mrs. Gord, was the major income-producing factor in their smoke shop business.

Respondent argues that petitioners are not eligible to invoke the limitation of section 1348 because capital was a material income-producing factor in the business. Thus, under the definition set forth in section 911(b), petitioners are entitled to treat as earned income no more than "a reasonable allowance as compensation for the personal

services rendered by the taxpayer." Respondent contends, and we agree, that the record does not disclose any personal services rendered by Mrs. Gord; therefore we cannot make any allocation between income produced by capital and income produced by services.

Petitioners, however, do not ask for an allocation. They insist that the full amount of net profits is subject to the maximum tax, arguing:

The purchase of the cigarettes was merely a vehicle used by Petitioner to take advantage of the tax exempt status which she had created. The major source of the revenue for Petitioner was the tax savings resulting from the sale of the cigarettes from her property. A tax savings which could only have occurred through Petitioner's personal efforts. * * *

Petitioners' argument is unpersuasive. Petitioners bought and sold cigarettes. The cigarettes purchased by them became inventory, which is capital. Courts have consistently held that where business receipts were not fees for the rendition of personal services but were prices paid for the resale of essentially unaltered materials, capital is material to the production of the taxpayers' income. See, e.g., *Friedlander v. United States,* 718 F.2d 294 (9th Cir. 1983); *Gaudern v. Commissioner,* 77 T.C. 1305, 1311 (1981); *Moore v. Commissioner,* 71 T.C. 533 (1979).

Moreover, petitioners' arguments do not support their conclusion. Petitioners argue that the license available to Mrs. Gord because of her status as a member of the Tribe is "property." Property would ordinarily be classified as capital. Although the record is silent on the point, presumably her status as a member of the Puyallup Tribe was something that she acquired at birth and not by personal effort. The competitive edge that petitioners claim from being able to sell cigarettes cheaper because they need not charge sales tax is merely an inference, and the income attributable to that factor cannot be quantified in this record. Their claims that they sold cigarettes cheaper than their competitors but realized income equal to the taxes saved are inconsistent and irreconcilable. Petitioners have not demonstrated that any portion of that income is earned income for purposes of section 1348.

*Decision will be entered for the respondent.*